UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA RAMIREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE BUILDING BRANDS, INC., et al.,<br><br>Defendants. | No.  2:21-cv-01017-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court are three Motions:  (1) Blumenthal Nordrehaug Bhowmik De Blouw LLP's ("BNBD") Amended Motion to Withdraw as Attorney for Plaintiff LaJuan Dennis ("Dennis"), ECF No. 34; (2) Lawyers for Justice PC's ("LFJ") Motion to Withdraw as Attorney for Plaintiff Claudia Ramirez ("Ramirez"), ECF No. 37; and (3) Plaintiffs Esmeralda Lizbeth Mendez Lozano, Lilian Cabrera, Ana Rosa Mendoza, Alicia Fernandez, Dulce Nieto, Rosa Hernandez, and Nathaniel Williams' ("Moving Plaintiffs") Ex Parte Application for an Order Extending the Discovery Cutoff Deadline, ECF No. 40.  For the following reasons, both Motions to Withdraw as Attorney are GRANTED, but Moving Plaintiffs' Ex Parte Application is DENIED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

1

## ANALYSIS

### A. Motions to Withdraw as Attorney

The withdrawal of counsel is governed by the requirements of Eastern District of California Local Rule 182(d), which provides that an attorney may not withdraw, leaving the client in propria persona, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California. However, "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . ." Cal. Professional Conduct R. 1.16(d). Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Local Rule 182(d); Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Here, both BNBD and LFJ have properly noticed motions and provided notice to Dennis, Ramirez, and all other parties appearing in this action in compliance with Local Rule 182(d). Neither Dennis nor Ramirez have filed oppositions or otherwise responded to the present Motions to Withdraw, and thus the Court construes their silence as statements of non-opposition. Nevertheless, the Court will examine the basis for withdrawal presented in each Motion.

#### 1. BNBD's Motion

Attorney Sergio J. Puche, on behalf of BNBD, previously filed a Motion to Withdraw as Attorney for Dennis on September 22, 2022, claiming that Dennis refused to respond to BNBD's communications as of July 20, 2022. See ECF No. 28. However, Dennis contacted Mr. Puche on September 27, 2022, and after a discussion, BNBD "agreed to withdraw the Motion . . . and continue representation so long as [Dennis] remained in communication." Puche Decl., ECF No. 34-1 ¶ 8. BNBD subsequently

withdrew its first Motion to Withdraw on October 14, 2022.  See ECF No. 31.  Mr. Puche states that between September 27 and October 9, 2022, Dennis remained in contact but after that, Dennis ceased responding to any communications.  Puche Decl., ECF No. 34-1 ¶ 9.

California Rule of Professional Conduct 1.16(b)(4) provides that counsel may withdraw if the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively."  See Puche Decl., ECF No. 34-1 ¶ 11 ("By refusing to communicate with me and/or anyone at BNBD, it is not possible for our firm to carry out the employment effectively as mutual communication is a necessary, fundamental and unavoidable requirement of effective representation.").  Dennis' refusal to communicate with his counsel clearly does not stem from a change in contact information given that he reached out to counsel after the first Motion to Withdraw was filed.  Furthermore, BNBD informed Dennis that continued representation would depend on Dennis remaining in contact.  Given the foregoing and Dennis' knowledge of counsel's prior attempt to withdraw from representation based on a failure to communicate, the Court thus finds that BNBD has shown good cause for the withdrawal.  Additionally, a review of the docket reveals nothing indicating that withdrawal might prejudice Dennis, i.e., there are no pending dispositive motions, imminent trial date, or other apparent deadlines that should prevent BNBD's withdrawal.  Accordingly, BNBD's Motion to Withdraw as Attorney for Dennis is GRANTED.

**2.     LFJ's Motion**

Like BNBD and Dennis above, LFJ seeks to withdraw its representation of Ramirez due to her failure to respond to counsel's communications.  See Silva Decl., ECF No. 37-1 ¶ 4.  Attorney Jacquelyn Silva states that Ramirez has not responded to any communication since July 18, 2022, including emails, voicemail, regular mail, and overnight mail.  Id. ¶ 9 (informing Ramirez on September 2 and October 18, 2022, that "if she did not respond to [their] communications, [LFJ] would have no choice but to ask the Court to be relieved as her counsel for her failure to respond to [their] communications.").

Pursuant to California Rule of Professional Conduct 1.16(b)(4), the Court finds good cause for LFJ's withdrawal.  Ramirez has been afforded adequate time to communicate with her counsel or file an opposition to the present Motion but has failed to do so.  As previously mentioned, there are no apparent deadlines in this case preventing LFJ's withdrawal.  Therefore, LFJ's Motion to Withdraw as Attorney for Ramirez is GRANTED.

**B.     Ex Parte Application to Extend Discovery Cutoff Deadline**

Through the present Ex Parte Application, Moving Plaintiffs seek to extend the discovery deadline, which expired on January 5, 2023, by six months, for the following reasons:

> Important pre-certification discovery remains outstanding which is directly relevant to Plaintiffs' theories of liability, and which is critical to establishing that Plaintiffs' claims are suitable for class treatment.  Moreover, the parties have been engaged in informal exchange of documents and information due to active discussions regarding settlement and attempting to reach a resolution of this action.  Additionally, Plaintiffs anticipate[] conducting further discovery once Defendants file their Opposition to Plaintiffs['] Motion for Class Certification, considering Defendants often time provide additional evidence, declarations, testimony that will need to be further examined prior to Plaintiffs filing their Reply in Support of their Motion for Class Certification. . . .  [T]here are significant outstanding issues to be addressed regarding Defendants' October 7, 2021 responses to Plaintiff[s'] initial written discovery—that were placed on hold for the sake of efficiency and to avoid costs pending mediation and settlement discussions—including Defendants' refusal to produce class contact information and sampling of time and wage records.

ECF No. 40, at 3–4.  Defendants oppose any further extension of the discovery deadline, arguing that Moving Plaintiffs have not demonstrated good cause to support such a lengthy extension.  See generally ECF No. 42.

Generally, the Court is required to enter a pretrial scheduling order within 90 days of service of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling order "controls the course of the action" unless modified by the Court.  Fed. R. Civ. P. 16(d).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but "[t]he court may modify the order issues after a final

///

pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.[2] Id. at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.; Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

The Court finds that Moving Plaintiffs have not established good cause to extend the discovery deadline. Moving Plaintiffs claim that, "given the discovery cutoff deadline quickly approaching and the current state of discovery, it will be impossible for Plaintiffs to complete the necessary investigation to properly prepare for their dispositive motions, including Plaintiffs' Motion for Class Certification, before the discovery cutoff deadline." ECF No. 40, at 15. However, Defendants removed this action from state court on June 8, 2021, and following consolidation of the two actions, this Court granted the parties' stipulation to extend the discovery cut-off date to January 5, 2023, which means the parties have had over 19 months to conduct discovery. See ECF Nos. 1, 21, 25. The suggestion that it is "impossible" to complete necessary discovery within that timeframe is simply far-fetched.

Moving Plaintiffs also argue that Defendants' responses to their initial discovery requests, which Defendants served on October 7, 2021, "included largely objection-only and non-code compliant responses," and that Moving Plaintiffs "have not obtained class-

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

contact information, even though they requested such information as a part of formal discovery." ECF No. 40, at 11, 15.  If true, then Moving Plaintiffs should have filed a motion to compel with the assigned magistrate judge.  See Initial Pretrial Scheduling Order, ECF No. 2, at 2 (stating that "completed" discovery, in part, means "any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.").  In any event, Defendants served the purportedly defective responses back in October 2021, but Moving Plaintiffs waited until December 30, 2022, (over a year later, just three business days before the close of discovery, and right before the New Year holiday) to raise "the numerous outstanding discovery issues to be addressed" with Defendants.  ECF No. 40, at 12–13; see Ex. A–B, Silva Decl., ECF Nos. 40-2, 40-3 (email timestamped at 10:09 p.m. on December 30, 2022, with an attached letter requesting "Defendants withdraw their unsupported objections and provide supplemental responses and responsive documents.").  "Raising multiple discovery issues at the eleventh-hour violates the scheduling order and is a further ground for denial of Plaintiffs' ex parte application." Poulos v. City of L.A., No. 2:19-cv-00496-MWF-AFMx, 2020 WL 5210958, at *3 (C.D. Cal. June 10, 2020).

      Moving Plaintiffs' primary contention is that formal discovery was put on hold while the parties explored settlement negotiations and mediation.  For example, Moving Plaintiffs' counsel states that, "in order to conserve costs, the Parties agreed to set aside formal discovery efforts and to focus on the exchange of informal discovery for the purpose of attending mediation."  Silva Decl., ECF No. 40-1 ¶ 4; but see Moreshead Decl., ECF No. 42-1 ¶ 19 (declaration from defense counsel) ("The parties never agreed to stay formal discovery in order to pursue settlement.").  Mediation occurred on March 3, 2022, but the parties were unable to reach a resolution.  Silva Decl., ECF No. 40-1 ¶ 5.  Moving Plaintiffs state that following the unsuccessful mediation, "[i]n order to preserve resources on behalf of the Parties and the Court, Plaintiffs did not move forward with further formal discovery efforts." ECF No. 40, at 9.  Lastly, Moving Plaintiffs'

counsel claims that post-mediation, there were other attempts at resolution, including three telephone calls in which the parties expressed a willingness to settle and resolve the matter as well as purported discussions with the mediator.  See Silva Decl., ECF No. 40-1 ¶¶ 7–8.  However, at no time did the parties stipulate or move to stay the discovery deadline pending mediation or settlement discussions.  Absent such a stipulation or order, Moving Plaintiffs should have simultaneously engaged in both discovery and settlement negotiations with Defendants.

Overall, the Court finds that Moving Plaintiffs were not diligent in seeking modification of the scheduling order and thus have failed to show good cause under Rule 16(b).  Moving Plaintiffs' concern that it cannot file an adequate motion for class certification or reply in support of said motion is unfounded given that this case has been ongoing for over 19 months and that they did not seek any form of relief from this Court until the last minute.  Therefore, Plaintiffs' Ex Parte Application is DENIED.

**CONCLUSION**

Based on the foregoing, the Court orders the following:

1. BNBD's Amended Motion to Withdraw as Attorney for Dennis, ECF No. 34, is GRANTED.  BNBD is relieved as counsel of record for Plaintiff Dennis effective upon the filing of proof of service of this Memorandum and Order on Dennis at his last known address:

> LaJuan Dennis
> 3336 Broken Branch Ct., Apt. 109
> Sacramento, CA 95834

All communications to Dennis, now acting pro se in this case, shall be directed to him at the contact information listed above unless and until he retains new counsel of record.

///

///

///

1        2.      LFJ's Motion to Withdraw as Attorney for Ramirez, ECF No. 37, is

2  GRANTED.  LFJ is relieved as counsel of record for Plaintiff Ramirez effective upon the

3  filing of proof of service of this Memorandum and Order on Ramirez at her last known

4  address:

                Claudia Ramirez
           3825 Littlerock Dr. #41
             Antelope, CA 95843

7  All communications to Ramirez, now acting pro se in this case, shall be directed to her at

8  the contact information listed above unless and until she retains new counsel of record.

9        3.      Not later than thirty (30) days from the date this Memorandum and Order is

10 electronically filed, Dennis and Ramirez shall each notify the Court whether they intend

11 to proceed with this case and if so, whether they have been able to obtain new counsel

12 or whether they intend to proceed pro se.  Failure to comply with this order may result in

13 dismissal of this action as to Dennis and/or Ramirez only.

14       4.      The Clerk of Court is directed to terminate all counsel of record for Plaintiffs

15 Dennis and Ramirez from the docket.  Dennis and Ramirez shall be substituted in to

16 proceed pro se.

17       5.      Moving Plaintiffs' Ex Parte Application for an Order Extending the

18 Discovery Cutoff Deadline, ECF No. 40, is DENIED.

19       IT IS SO ORDERED.

20 Dated:  February 3, 2023

                                  MORRISON C. ENGLAND, JR
                                  SENIOR UNITED STATES DISTRICT JUDGE