UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA RAMIREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CORNERSTONE BUILDING BRANDS, INC., et al.,<br><br>　　　　Defendants. | No. 2:21-cv-01017-MCE-JDP<br><br>**ORDER** |

On February 6, 2023, this Court issued a Memorandum and Order granting two Motions to Withdraw as Attorney for Plaintiffs LaJuan Dennis ("Dennis") and Claudia Ramirez ("Ramirez"), respectively. See ECF No. 45. The Memorandum and Order stated, in part, the following:

> Not later than thirty (30) days from the date this Memorandum and Order is electronically filed, Dennis and Ramirez shall each notify the Court whether they intend to proceed with this case and if so, whether they have been able to obtain new counsel or whether they intend to proceed pro se. Failure to comply with this order may result in dismissal of this action as to Dennis and/or Ramirez only.

Id. at 8. On February 7, 2023, the Memorandum and Order was served by mail to both Dennis and Ramirez. See ECF Nos. 46, 47. The thirty-day deadline has passed but to date, neither Dennis nor Ramirez have responded to the Court's order.

1

Eastern District of California Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). Prior to dismissing an action, however, this Court must consider the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Id.

Having considered each of the above factors, the Court finds dismissal of this action as to Dennis and Ramirez only is warranted. The Court granted the Motions to Withdraw as Attorneys because both Dennis and Ramirez failed and/or refused to respond to counsel's communications. See ECF No. 45, at 2–4. Their refusal to respond to anything related to this litigation clearly indicates that they no longer wish to pursue this action. As for the risk of prejudice to Defendants, "[t]he law presumes injury from unreasonable delay." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Dennis and Ramirez had ample opportunities to communicate with counsel and adequate time to respond to the Court's order, which shows that the Court considered less drastic measures. Ultimately, these four factors outweigh the public policy favoring disposition on the merits.

Because Dennis and Ramirez have failed to prosecute this action, this action is hereby DISMISSED without prejudice as to Plaintiffs Dennis and Ramirez only. This action shall proceed with the remaining parties.

IT IS SO ORDERED.

Dated: March 28, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE