**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (SBN 068687)
norm@bamlawca.com
Kyle R. Nordrehaug (SBN 205975)
kyle@bamlawca.com
Aparajit Bhowmik (SBN 248066)
aj@bamlawca.com
Jeffrey S. Herman (SBN 280058)
jeffrey@bamlawca.com
Sergio J. Puche (SBN 289437)
sergiojulian@bamlawca.com
Trevor G. Moran (SBN 330394)
trevor@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff
[*Additional Counsel on the 3rd Page*]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA RAMIREZ, ESMERALDA LIZBETH MENDEZ LOZANO, LILIAN CABRERA, ANA ROSA MENDOZA, ALICIA FERNANDEZ DULCE NIETO, ROSA HERNANDEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE BUILDING BRANDS, an unknown business entity; PLY GEM WINDOWS, an unknown business entity; PLY GEM PACIFIC WINDOWS CORPORATION, an unknown business entity; PLY GEM RESIDENTIAL SOLUTIONS, an unknown business entity; SIMONTON DOORS & WINDOWS, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01017-MCE-JDP<br><br>(Consolidated Case)<br><br>**JOINT STIPULATION AND ORDER FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br><br>Judge: Hon. Morrison C. England, Jr.<br>Courtroom 7, 14th Floor<br><br>Complaint Filed:  April 12, 2021<br>Removal Filed:    June 08, 2021 |

NATHANIEL WILLIAMS and LAJUAN
DENNIS, individuals, on behalf of
themselves and on behalf of all persons
similarly situated;

Plaintiffs,

vs.

PLY GEM PACIFIC WINDOWS
CORPORATION, a California
Corporation; and DOES 1 through 50,
inclusive,

Defendants.

Edwin Aiwazian (Cal. State Bar No. 232943)
edwin@calljustice.com
Tara Zabehi (Cal. State Bar No. 314706)
tara@calljustice.com
Travis J. Maher (Cal. State Bar No. 327206)
travis@calljustice.com
Jacquelyn Silva (Cal. State Bar No. 342302)
jacquelyn@calljustice.com
Brian J. St. John  (Cal. State Bar No. 304112)
brian@calljustice.com
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Attorneys for Plaintiffs

MARTIN D. BERN (State Bar No. 153203)
martin.bern@mto.com
DAVID W. MORESHEAD (State Bar No. 305362)
david.moreshead@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants

Plaintiffs ESMERALDA LIZBETH MENDEZ LOZANO, LILIAN CABRERA, ANA ROSA MENDOZA, ALICIA FERNANDEZ, DULCE NIETO, ROSA HERNANDEZ, and NATHANIEL WILLIAMS ("Plaintiffs") and Defendants CORNERSTONE BUILDING BRANDS, INC. PLY GEM PACIFIC WINDOWS CORPORATION, and SIMONTON WINDOWS & DOORS, INC.[1] ("Defendants") (collectively, "Parties") by and through their counsel of record, hereby stipulate as follows:

WHEREAS, on April 12, 2021, Plaintiffs CLAUDIA RAMIREZ, ESMERALDA LIZBETH MENDEZ LOZANO, LILIAN CABRERA, ANA ROSA MENDOZA, ALICIA FERNANDEZ, DULCE NIETO, and ROSA HERNANDEZ filed a Class Action Complaint in the Superior Court for the State of California in and for the County of Sacramento, Case No. 34-2021-00298527 (the "Ramirez Class Action");

WHEREAS, on June 15, 2021, Plaintiffs CLAUDIA RAMIREZ, ESMERALDA LIZBETH MENDEZ LOZANO, LILIAN CABRERA, ANA ROSA MENDOZA, ALICIA FERNANDEZ, DULCE NIETO, and ROSA HERNANDEZ filed a separate Representative Action Complaint pursuant to the Private Attorneys General Act of 2004 in the Superior Court for the State of California in and for the County of Sacramento, Case No. 34-2021-00302310 (the "Ramirez PAGA Action");

WHEREAS, on October 13, 2021, Plaintiffs NATHANIEL WILLIAMS and LAJUAN DENNIS filed a Class Action Complaint in the Superior Court for the State of California in and for the County of Sacramento, Case No. 34-2021-00309657 (the "Williams Class Action");

WHEREAS, on December 13, 2021, Plaintiffs NATHANIEL WILLIAMS and LAJUAN DENNIS filed a separate Representative Action Complaint pursuant to the Private Attorneys General Act of 2004 in the Superior Court for the State of California in and for the County of Sacramento, Case No. 34-2021-003128601 (the "Williams PAGA Action");

---

[1] The other two named defendants, Ply Gem Windows and Ply Gem Residential Solutions, are non-existent entities that have never appeared in this action.

WHEREAS, on June 8, 2021, Defendants removed the Ramirez Class Action to the United States District Court for the Eastern District Of California, Case No. 2:21-cv-01017-MCE-JDP (Dkt. 1);

WHEREAS, on January 5, 2022, Defendants removed the Williams Class Action to the United States District Court for the Eastern District Of California, Case No. Case 2:22-cv-00038-MCE-JDP;

WHEREAS, on April 20, 2022, pursuant to the Parties' stipulation, the Court issued an Order Consolidating the Ramirez Class Action and the Williams Class Action, with the first-filed Ramirez Class Action designated as the "master file" (Dkt. 21);

WHEREAS, on March 3, 2022, the Parties participated in an all-day mediation with mediator Deborah Saxe, Esq., which did not result in a resolution of the matter;

WHEREAS, the Parties continued to litigate the matter;

WHEREAS, on February 2, 2023, the Parties attended another partial-day mediation with Ms. Saxe, which resulted in a global settlement of the Ramirez Class Action, Williams Class Action, Ramirez PAGA Action, and the Williams PAGA Action shortly thereafter;

WHEREAS, the parties have fully executed a "Term Sheet" (i.e., Memorandum of Understanding) as to the essential terms of the settlement and are working together to finalize their long-form agreement and the settlement approval papers;

WHEREAS, on March 29, 2023, the Court dismissed without prejudice the claims of Plaintiffs Ramirez and Dennis, and they are no longer plaintiffs in the matter (Dkt. 50);

WHEREAS, pursuant to the Parties' "Term Sheet" and for purposes of settlement approval and administration the Parties agree that Plaintiffs may file a First Amended Consolidated Class and Representative Action Complaint to include all the causes of action and parties in the Ramirez Class Action, Ramirez PAGA Action, Williams Class Action, and Williams PAGA Action, so that Plaintiffs can collectively seek approval of the global settlement before this Court;

WHEREAS, to accomplish the forgoing, Plaintiffs seek to file a First Amended Consolidated Class and Representative Action Complaint ("FAC"), a copy of which is attached hereto as Exhibit #1;

WHEREAS, Defendants consent to allow Plaintiffs to file the proposed FAC attached hereto as Exhibit #1 for the limited purpose of proceeding with and obtaining Court approval of the settlement;

WHEREAS, the Parties agree that, in the event that any material provision of the settlement is not substantially approved by this Court or the settlement is otherwise terminated, canceled, declared void, fails to become effective in accordance with its terms, or if any judgment of the Court approving of the Parties' settlement does not become final, the filing of the FAC shall become void *ab initio*, the FAC will be stricken from the Court's docket, and the matter will proceed under the prior pleadings as if the FAC had never been filed;

WHEREAS, the Parties have presented this stipulation and the proposed FAC to the Court in advance of the Motion for Preliminary Approval, which the Parties anticipate will be filed by May 31, 2024 (Dkt. 53).

WHEREAS, the Parties agree that Defendants are not required to file a responsive pleading to the FAC.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

Upon the Court's execution of this Order,

1.	Plaintiffs are granted leave to file the First Amended Consolidated Class and Representative Action Complaint ("FAC"), a copy of which is attached as Exhibit #1;

2.	In the event that any material provision of the settlement is not substantially approved by this Court or the settlement is otherwise terminated, canceled, declared void, fails to become effective in accordance with its terms, or if any judgment of the Court approving of the Parties' settlement does not become final, the filing of the FAC shall become void *ab initio*, the FAC will be stricken from the Court's docket, and the matter will proceed under the prior pleadings as if the FAC had never been filed

Case No. 1:21-cv-01013-DAD-HBK

3.     Plaintiffs shall file the FAC within fourteen (14) days of notice of entry of the Court's Order granting this stipulation; and

4.     Defendants are not required to file a responsive pleading to the FAC.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED:  May 29, 2024                          BLUMENTHAL NORDREHAUG
                                             BHOWMIK DE BLOUW LLP

                                             By: */s/  Jeffrey S. Herman*
                                                 Jeffrey S. Herman
                                                 Attorneys for Plaintiffs

DATED:  May 29, 2024                          MUNGER, TOLLES & OLSON LLP

                                             By: */s/ David W. Moreshead*
                                                 David W. Moreshead
                                                 Attorneys for Defendants

                                             LAWYERS *for* JUSTICE, PC

DATED:  May 29, 2024                          By: */s/ Brian J. St. John*
                                                 Brian J. St. John
                                                 Attorneys for Plaintiffs

## SIGNATURE ATTESTATION

*Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

1

## <u>ORDER</u>

2   The Court has reviewed the Parties' Joint Stipulation For Leave to File Plaintiffs'

3   First Amended Consolidated Class and Representative Action Complaint.

4   Good cause appearing therefore, it is hereby ordered that the Parties' Stipulation is

5   **GRANTED**:

6       1.   The provisions of the Parties' Stipulation are incorporated into this Order;

7       2.   The Parties Stipulation to Leave to File Plaintiffs' First Amended

8          Consolidated Class and Representative Action Complaint ("FAC") is

9          **GRANTED.**

10       3.   Plaintiffs shall have leave to file their FAC within fourteen (14) days from the

11          notice of entry of this order; and

12       4.   Defendants are not required to file a responsive pleading to the FAC.

13   **IT IS SO ORDERED.**

14   Dated:  May 29, 2024

15

16   MORRISON C. ENGLAND, JR.
     SENIOR UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

1

2  **<u>EXHIBIT 1</u>**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:21-cv-01013-DAD-HBK

1

2    Edwin Aiwazian (SBN 232943)
     **LAWYERS *for* JUSTICE, PC**
3    410 West Arden Avenue, Suite 203
     Glendale, California 91203
4    Tel: (818) 265-1020 / Fax: (818) 265-1021
     *Attorneys for* Plaintiffs
5    [*Additional Counsel on the Following Page*]

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8    ESMERALDA LIZBETH MENDEZ LOZANO,          Case No.:  **2:21-cv-01017-MCE-JDP**
     LILIAN CABRERA, ANA ROSA MENDOZA,
9    ALICIA FERNANDEZ, DULCE NIETO, ROSA       **FIRST AMENDED CONSOLIDATED CLASS**
     HERNANDEZ, NATHANIEL WILLIAMS            **AND REPRESENTATIVE ACTION**
10   individually, and on behalf of other members of   **COMPLAINT FOR DAMAGES**
     the general public similarly situated
11                                                      (1)   Violation of California Labor Code §§
                     Plaintiffs,                              510 and 1198 (Unpaid Overtime);
12                                                      (2)   Violation of California Labor Code §§
           vs.                                               226.7 and 512(a) (Unpaid Meal Period
13                                                           Premiums);
     CORNERSTONE BUILDING BRANDS, INC.;       (3)   Violation of California Labor Code §
14   PLY GEM PACIFIC WINDOWS                        226.7 (Unpaid Rest Period
     CORPORATION, SIMONTON WINDOWS &                Premiums);
15   DOORS, INC.; and DOES 1 through 100,       (4)   Violation of California Labor Code §§
     inclusive,                                      1194, 1197, and 1197.1 (Unpaid
16                                                    Minimum Wages);
                     Defendants.               (5)   Violation of California Labor Code §§
17                                                   201, 202, and 203 (Final Wages Not
                                                     Timely Paid);
18                                             (6)   Violation of California Labor Code §
                                                     204 (Wages Not Timely Paid During
19                                                   Employment);
                                               (7)   Violation of California Labor Code §
20                                                   226(a) (Non-Compliant Wage
                                                     Statements);
21                                             (8)   Violation of California Labor Code §
                                                     1174(d) (Failure To Keep Requisite
22                                                   Payroll Records);
                                               (9)   Violation of California Labor Code §§
23                                                   2800 and 2802 (Unreimbursed
                                                     Business Expenses);
24                                             (10) Failure to Issue Wages by
                                                    Instrumental Payable on Demand
25                                                  Without Discount in Violation of Cal.
                                                    Lab. Code § 212;
26                                             (11) Violation of California Business &
                                                    Professions Code §§ 17200, et seq;
27                                                  and
                                               (12) Violation of California Labor Code §
28                                                  2698, et seq. (California Labor Code
                                                    Private Attorneys General Act of

                                    10

2004).

**DEMAND FOR JURY TRIAL**

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (SBN 068687)
norm@bamlawca.com
Kyle R. Nordrehaug (SBN 205975)
kyle@bamlawca.com
Aparajit Bhowmik (SBN 248066)
aj@bamlawca.com
Nicholas James De Blouw (SBN
nick@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223

Attorneys for Plaintiff

Case No. 1:21-cv-01013-DAD-HBK

COME NOW, Plaintiffs ESMERALDA LIZBETH MENDEZ LOZANO ("Plaintiff LOZANO"), LILIAN CABRERA ("Plaintiff CABRERA"), ANA ROSA MENDOZA ("Plaintiff MENDOZA"), ALICIA FERNANDEZ ("Plaintiff FERNANDEZ"), DULCE NIETO ("Plaintiff NIETO"), ROSA HERNANDEZ ("Plaintiff HERNANDEZ"), NATHANIEL WILLIAMS (("Plaintiff WILLIAMS") and collectively with Plaintiffs LOZANO, CABRERA, MENDOZA, FERNANDEZ, HERNANDEZ, and NIETO as "Plaintiffs")), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiffs, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employs individuals, and/or transact business in the State of California, County of Sacramento.

Case No. 1:21-cv-01013-DAD-HBK

/ / /

/ / /

/ / /

## **PARTIES**

5.      Plaintiff ESMERALDA LIZBETH MENDEZ LOZANO is an individual residing in the State of California.

6.      Plaintiff LILIAN CABRERA is an individual residing in the State of California.

7.      Plaintiff ANA ROSA MENDOZA is an individual residing in the State of California.

8.      Plaintiff ALICIA FERNANDEZ is an individual residing in the State of California.

9.      Plaintiff DULCE NIETO is an individual residing in the State of California.

10.      Plaintiff ROSA HERNANDEZ is an individual residing in the State of California.

11.      Plaintiff NATHANIEL WILLIAMS is an individual residing in the State of California.

12.      Defendant CORNERSTONE BUILDING BRANDS, INC. at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Sacramento.

13.      Defendant PLY GEM PACIFIC WINDOWS CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Sacramento.

14.      Defendant SIMONTON WINDOWS & DOORS, INC. at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Sacramento.

15.      At all relevant times, Defendants, CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, and SIMONTON WINDOWS & DOORS, INC. were the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

16.      At all times herein relevant, Defendants CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or

13

assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

17.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on that information and belief allege, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint.  Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

18.     Defendants CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

19.     Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

20.     Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seek class certification under California Code of Civil Procedure section 382.

21.     Plaintiffs bring this Class Action on behalf of themselves and a California Class, defined as all individuals were employed by Defendants, or any of them, in California as hourly-paid non-exempt employees (the "CALIFORNIA CLASS") between April 12, 2017, and the date of preliminary approval of this settlement (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

($5,000,000.00). Plaintiffs reserve the right to establish subclasses as appropriate.

22.   The class is ascertainable and there is a well-defined community of interest in the litigation:

a.   <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.   <u>Typicality</u>: Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

c.   <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class

1    actions provide the class members who are not named in the complaint

2    anonymity that allows for the vindication of their rights.

3    23.    There are common questions of law and fact as to the class members that

4    predominate over questions affecting only individual members.  The following common questions of

5    law or fact, among others, exist as to the members of the class:

6        a.    Whether Defendants' failure to pay wages, without abatement or reduction, in

7            accordance with the California Labor Code, was willful;

8        b.    Whether Defendants' had a corporate policy and practice of failing to pay their

9            hourly-paid or non-exempt employees within the State of California for all

10           hours worked and missed (short, late, interrupted, and/or missed altogether)

11           meal periods and rest breaks in violation of California law;

12       c.    Whether Defendants required Plaintiffs and the other class members to work

13           over eight (8) hours per day and/or over forty (40) hours per week and failed to

14           pay the legally required overtime compensation to Plaintiffs and the other class

15           members;

16       d.    Whether Defendants deprived Plaintiffs and the other class members of meal

17           and/or rest periods or required Plaintiffs and the other class members to work

18           during meal and/or rest periods without compensation;

19       e.    Whether Defendants failed to pay minimum wages to Plaintiffs and the other

20           class members for all hours worked;

21       f.    Whether Defendants failed to pay all wages due to Plaintiffs and the other class

22           members within the required time upon their discharge or resignation;

23       g.    Whether Defendants failed to timely pay all wages due to Plaintiffs and the

24           other class members during their employment;

25       h.    Whether Defendants complied with wage reporting as required by the California

26           Labor Code; including, *inter alia*, section 226;

27       i.    Whether Defendants kept complete and accurate payroll records as required by

28           the California Labor Code, including, *inter alia*, section 1174(d);

Case No. 1:21-cv-01013-DAD-HBK

j. Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

k. Whether Defendants' conduct was willful or reckless;

l. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n. Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## **GENERAL ALLEGATIONS**

24. At all relevant times set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Sacramento.

25. Defendants, jointly and severally, employed Plaintiff LOZANO as an hourly-paid, non-exempt employee, from approximately September 2019 to approximately December 2020, in the State of California.

26. Defendants, jointly and severally, employed Plaintiff CABRERA as an hourly-paid, non-exempt employee, from approximately April 2020 to approximately December 2020, in the State of California.

27. Defendants, jointly and severally, employed Plaintiff MENDOZA as an hourly-paid, non-exempt employee, from approximately June 2020 to approximately December 2020, in the State of California.

28. Defendants, jointly and severally, employed Plaintiff FERNANDEZ as an hourly-paid, non-exempt employee, from approximately August 2019 to approximately December 2020, in the State of California.

29. Defendants, jointly and severally, employed Plaintiff NIETO as an hourly-paid, non-exempt employee, from approximately August 2019 to approximately December 2020, in the State of California.

Case No. 1:21-cv-01013-DAD-HBK

30.     Defendants, jointly and severally, employed Plaintiff HERNANDEZ as an hourly-paid, non-exempt employee, from approximately February 2020 to approximately December 2020, in the State of California.

31.     Defendants, jointly and severally, employed Plaintiff WILLIAMS as an hour-paid, non-exempt employee, from approximately May of 2021 until July 1, 2021. Defendants hired Plaintiffs and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

32.     Defendants had the authority to hire and terminate Plaintiffs and the other class members, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

33.     Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' employment for them to be joint employers of Plaintiffs and the other class members.

34.     Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

35.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

36.     Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

37.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

38.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all

Case No. 1:21-cv-01013-DAD-HBK

overtime hours worked.

39.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

40.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed.

41.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed.

42.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

43.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

44.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiffs and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time

1    permissible under California Labor Code section 204.

2          45.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or

3    should have known that Plaintiffs and the other class members were entitled to receive complete and

4    accurate wage statements in accordance with California law, but, in fact, they did not receive complete

5    and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to

6    include the total number of hours worked by Plaintiffs and the other class members.

7          46.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or

8    should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and

9    the other class members in accordance with California law, but, in fact, did not keep complete and

10   accurate payroll records.

11         47.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or

12   should have known that Plaintiffs and the other class members were entitled to reimbursement for

13   necessary business-related expenses.

14         48.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or

15   should have known that they had a duty to compensate Plaintiffs and the other class members pursuant

16   to California law, and that Defendants had the financial ability to pay such compensation, but willfully,

17   knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class

18   members that they were properly denied wages, all in order to increase Defendants' profits.

19         49.    During the relevant time period, Defendants failed to pay overtime wages to Plaintiffs

20   and the other class members for all overtime hours worked.  Plaintiffs and the other class members were

21   required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime

22   compensation for all overtime hours worked.

23         50.    During the relevant time period, Defendants failed to provide all requisite uninterrupted

24   meal and rest periods to Plaintiffs and the other class members.

25         51.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class

26   members at least minimum wages for all hours worked.

27         52.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class

28   members all wages owed to them upon discharge or resignation.

Case No. 1:21-cv-01013-DAD-HBK

53.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

54.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

55.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

56.     During the relevant time period, Defendants failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

57.     During the relevant time period, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

58.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)

59.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 62, and each and every part thereof with the same force and effect as though fully set forth herein.

60.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

61.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

Case No. 1:21-cv-01013-DAD-HBK

1   workweek.

2          62.     The applicable IWC Wage Order further provides that Defendants are and

3   were required to pay Plaintiffs and the other class members overtime compensation at a rate of two

4   times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

5          63.     California Labor Code section 510 codifies the right to overtime compensation at

6   one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or

7   forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

8   overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours

9   in a day or in excess of eight (8) hours in a day on the seventh day of work.

10         64.     During the relevant time period, Plaintiffs and the other class members worked in

11  excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

12         65.     During the relevant time period, Defendants intentionally and willfully failed to pay

13  overtime wages owed to Plaintiffs and the other class members.

14         66.     Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of

15  overtime compensation, as required by California laws, violates the provisions of California Labor Code

16  sections 510 and 1198, and is therefore unlawful.

17         67.     Pursuant to California Labor Code section 1194, Plaintiffs and the other

18  class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

19  attorneys' fees.

20                              **SECOND CAUSE OF ACTION**

21                  **(Violation of California Labor Code §§ 226.7 and 512(a))**

22  **(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS**

23  **CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

24         68.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

25  71, and each and every part thereof with the same force and effect as though fully set forth herein.

26         69.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and

27  512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

28         70.     At all relevant times, California Labor Code section 226.7 provides that no employer

Case No. 1:21-cv-01013-DAD-HBK

shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

71.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

72.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

74.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

75.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

76.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

77.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code

Case No. 1:21-cv-01013-DAD-HBK

sections 226.7 and 512(a).

78.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)

79.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

80.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

81.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

82.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

83.     During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

84.     During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class

24

members the full rest period premium for work performed during rest periods.

85.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

86.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

87.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

88.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

89.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

90.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

91.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

92.     Pursuant to California Labor Code section 1197.1, Plaintiffs and the other

class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

93.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201, 202 and 203)**

**(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

94.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

96.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

97.     Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

98.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue

Case No. 1:21-cv-01013-DAD-HBK

as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

99.     Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 204)**

**(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

100.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

101.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

102.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

103.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

104.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

105.     Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

Case No. 1:21-cv-01013-DAD-HBK

1   ///

2   ///

3   ///

4   **SEVENTH CAUSE OF ACTION**

5   **(Violation of California Labor Code § 226(a))**

6   **(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS**

7   **CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

8   106.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

9   through 109, and each and every part thereof with the same force and effect as though fully set forth

10   herein.

11   107.   At all material times set forth herein, California Labor Code section 226(a)

12   provides that every employer shall furnish each of his or her employees an accurate itemized statement

13   in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

14   piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4)

15   all deductions, provided that all deductions made on written orders of the employee may be aggregated

16   and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee

17   is paid, (7) the name of the employee and his or her social security number, (8) the name and address of

18   the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period

19   and the corresponding number of hours worked at each hourly rate by the employee.  The deductions

20   made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing

21   the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file

22   by the employer for at least three years at the place of employment or at a central location within the

23   State of California.

24   108.   Defendants have intentionally and willfully failed to provide Plaintiffs and

25   the other class members with complete and accurate wage statements.  The deficiencies include but are

26   not limited to: the failure to include the total number of hours worked by Plaintiffs and the other class

27   members.

28   109.   As a result of Defendants' violation of California Labor Code section

Case No. 1:21-cv-01013-DAD-HBK

226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily protected rights.

110.     More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

111.     Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

112.     Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)

113.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 116, and each and every part thereof with the same force and effect as though fully set forth herein.

114.     Pursuant to California Labor Code section 1174(d), an employer shall keep at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

115.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiffs and the other class members.

116.     As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily protected

rights.

117.     More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)

118.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 121, and each and every part thereof with the same force and effect as though fully set forth herein.

119.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

120.     Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

121.     Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

122.     Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

### For Failure to Pay Wages By Instrument Payable On Demand And Without Discount

### [Cal. Lab. Code §§ 212]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

Case No. 1:21-cv-01013-DAD-HBK

1   123.   PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS,

2   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

3   Complaint.

4   124.   California Labor Code Section 212 requires DEFENDANT to pay PLAINTIFFS and

5   CALIFORNIA LABOR SUB-CLASS Members with instruments that are negotiable and payable in cash,

6   on demand, without discount, at some established place of business in the state, the name and address of

7   which must appear on the instrument.

8   125.   DEFENDANT issued wages to PLAINTIFFS, and CALIFORNIA CLASS Members,

9   by way of a pay card upon termination. This form of payment required PLAINTIFFS, and the other

10  CALIFORNIA CLASS Members, to incur a fee when attempting to obtain all of their wages on demand,

11  no alternative was offered which enabled them to avoid a charge, and no address in California was set

12  forth on the paycard where all of the funds deposited thereon could be made available without charge.

13  Because DEFENDANT offered no method by which PLAINTIFFS, and the other CALIFORNIA CLASS

14  Members, could receive all the wages from their paycard on demand, without paying any fee, it is alleged

15  that this practice violates Labor Code §§ 212, requiring that wages be payable on demand, without

16  discount. Labor Code §§ 225.5 provides penalties resulting from Labor Code §§ 212 violations. As a result

17  of DEFENDANT'S failure to pay PLAINTIFFS, and the other CALIFORNIA CLASS Members, their

18  wages by an instrument payable on demand, without discount, in violation of Labor Code §§ 212,

19  PLAINTIFFS,  and the other CALIFORNIA CLASS Members, have suffered injury to the extent they

20  paid ATM fees or other fees and could not cash the entirety of their paycheck at once, thus denying them

21  access to their wages.

22  **ELEVENTH CAUSE OF ACTION**

23  **(Violation of California Business & Professions Code §§ 17200, et seq.)**

24  **(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS**

25  **CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

26  126.   Plaintiffs incorporates by reference the allegations contained in paragraphs

27  1 through 126, and each and every part thereof with the same force and effect as though fully set forth

28  herein.

Case No. 1:21-cv-01013-DAD-HBK

127.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

128.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

129.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, 202, 203 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

130.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

131.   Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

132.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

/ / /

/ / /

/ / /

**TWELFTH CAUSE OF ACTION**

**(Violation of California Labor Code § 2698, et seq.)**

**(Against CORNERSTONE BUILDING BRANDS, INC., PLY GEM PACIFIC WINDOWS CORPORATION, SIMONTON WINDOWS & DOORS, INC., and DOES 1 through 100)**

133.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 133, and each and every part thereof with the same force and effect as though fully set forth herein.

134.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

135.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

136.   Plaintiffs, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, bring this Representative Action on behalf of the State of California with respect to themselves and all individuals who were employed by Defendants, or any of them, in California as hourly-paid non-exempt employees ("AGGRIEVED EMPLOYEES") between April 5, 2020 and the date of preliminary approval of this settlement (the "PAGA PERIOD").

137.   On April 5, 2021, Plaintiff LOZANO, MENDOZA, FERNANDEZ, and NIETO provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendants CORNERSTONE BUILDING BRANDS, PLY GEM WINDOWS, PLY GEM PACIFIC WINDOWS CORPORATION, PLY GEM RESIDENTIAL SOLUTIONS, and SIMONTON DOORS & WINDOWS of the specific provisions of the California Labor Code alleged to have been violated, including the facts

and theories to support the alleged violations.

138.   On April 6, 2021, Plaintiffs CABRERA and HERNANDEZ provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendants CORNERSTONE BUILDING BRANDS, PLY GEM WINDOWS, PLY GEM PACIFIC WINDOWS CORPORATION, PLY GEM RESIDENTIAL SOLUTIONS, and SIMONTON DOORS & WINDOWS of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

139.   On September 16, 2021, Plaintiff WILLIAMS provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant PLY GEM PACIFIC WINDOWS CORPORATION, of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

140.   Plaintiffs have not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiffs' notices.

141.   Therefore, Plaintiffs have satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 212, 221, 226(a), 226.7, 227.3, 351, 510, 512(a), 558(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B).

142.   All of the conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, Plaintiffs seek penalties for those violations that affected the AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp*. 30 Cal.App.5th 504 (2018).

### Failure to Pay Overtime

143.   Defendants' failure to pay legally required overtime wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

144.   Defendants' failure to provide legally required meal periods to Plaintiffs and the other

Case No. 1:21-cv-01013-DAD-HBK

aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

/ / /

### Failure to Provide Rest Periods

145.    Defendants' failure to provide legally required rest periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

146.    Defendants' failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

147.    Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination in accordance with Labor Code sections 201, 202, and 203 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201, 202, and 203.

### Failure to Timely Pay Wages During Employment

148.    Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

149.    Defendants' failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

150.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

Case No. 1:21-cv-01013-DAD-HBK

151. Defendants' failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802**.**

152. Pursuant to California Labor Code section 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, request and are entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

a. Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b. Penalties under California Code of Regulations Title 8 section 11010 et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d. Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

153. Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

154. Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and

Case No. 1:21-cv-01013-DAD-HBK

costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiffs be appointed as the representatives of the Class;

3.      That counsel for Plaintiffs be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all

Case No. 1:21-cv-01013-DAD-HBK

1    meal periods (including second meal periods) to Plaintiffs and the other class members;

2        11.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of

3    pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

4        12.    For all actual, consequential, and incidental losses and damages, according to proof;

5        13.    For premium wages pursuant to California Labor Code section 226.7(c);

6        14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

7        15.    For reasonable attorneys' fees and costs of suit incurred herein; and

8        16.    For such other and further relief as the Court may deem just and proper.

9    **As to the Third Cause of Action**

10       17.    That the Court declare, adjudge and decree that Defendants violated California

11   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods

12   to Plaintiffs and the other class members;

13       18.    That the Court make an award to Plaintiffs and the other class members of one (1)

14   hour of pay at each employee's regular rate of compensation for each workday that a rest period was not

15   provided;

16       19.    For all actual, consequential, and incidental losses and damages, according to proof;

17       20.    For premium wages pursuant to California Labor Code section 226.7(c);

18       21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

19       22.    For such other and further relief as the Court may deem just and proper**.**

20   **As to the Fourth Cause of Action**

21       23.    That the Court declare, adjudge and decree that Defendants violated California Labor Code

22   sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other

23   class members;

24       24.    For general unpaid wages and such general and special damages as may be appropriate;

25       25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs

26   and the other class members in the amount as may be established according to proof at trial;

27       26.    For pre-judgment interest on any unpaid compensation from the date such amounts were

28   due;

Case No. 1:21-cv-01013-DAD-HBK

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30.     **That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;**

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiffs and the other class members;

36.     For all actual, consequential, and incidental losses and damages, according to proof;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.     For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

Case No. 1:21-cv-01013-DAD-HBK

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.     For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

50.     For the imposition of civil penalties and/or statutory penalties;

51.     For reasonable attorneys' fees and costs of suit incurred herein; and

52.     For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

53.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 212 by willfully failing to pay Plaintiff and the other class member their wages by an instrument payable on demand, without discount;

54.     For actual, consequential and incidental losses and damages, according to proof;

55.     For the imposition of civil penalties and/or statutory penalties;

56.     For reasonable attorneys' fees and costs of suit incurred herein; and

57.     For such other and further relief as the Court may deem just and proper.

Case No. 1:21-cv-01013-DAD-HBK

**As to the Eleventh Cause of Action**

58.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs' and the other class members' wages timely as required by California Labor Code section 201, 202, 203 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

59.     For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

60.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

61.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

62.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

63.     For such other and further relief as the Court may deem just and proper.

**As to the Twelfth Cause of Action**

64.     For civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g), costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 210, 212, 221, 226(a), 226.7, 227.3, 351, 510, 512(a), 558(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

65.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: May _____, 2024                    **LAWYERS *for* JUSTICE, PC**


                                          By: _____
                                              Edwin Aiwazian

*Attorneys for* Plaintiffs

Dated: May _____, 2024

**BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP**


By_____
　　Nicholas J. De Blouw
　　*Attorneys for* Plaintiffs

Case No. 1:21-cv-01013-DAD-HBK

## CERTIFICATE OF SERVICE [F.R.C.P. §5]

I am a citizen of the United States and a resident of the State of California.  I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara, La Jolla, California 92037.

On May 21, 2024, I served the document(s) described as below in the manner set forth below:

**1. JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

_XX_ (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Eastern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

_XX_ (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 21, 2024, at San Diego, California.

_/s/  Jeffrey S. Herman_ _____
Jeffrey S. Herman

Case No. 1:21-cv-01013-DAD-HBK