UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA LIZBETH MENDEZ LOZANO, LILIAN CABRERA, ANA ROSA MENDOZA, ALICIA FERNANDEZ, DULCE NIETO, ROSA HERNANDEZ, NATHANIEL WILLIAMS individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>CORNERSTONE BUILDING BRANDS, INC.; PLY GEM PACIFIC WINDOWS CORPORATION; SIMONTON WINDOWS & DOORS INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-01017-TLN-JDP<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs Esmeralda Lizbeth Mendez Lozano, Lilian Cabrera, Ana Rosa Mendoza, Alicia Fernandez, Dulce Nieto, Rosa Hernandez, and Nathaniel Williams's (collectively, "Plaintiffs") Motion for Preliminary Approval of Class Action Settlement ("Motion"). Having considered the Motion, Memorandum of Points and Authorities in Support Thereof, and declarations submitted in support of the Motion, including the Joint Stipulation Re Settlement of Class Action ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs and Defendants Cornerstone Building Brands, Inc., Ply Gem Pacific Windows Corporation, and Simonton Windows & Doors, Inc. (collectively, "Defendants"), and the Notice to Class Members Re: Pendency of a Class Action and Notice of Hearing on Proposed Settlement ("Class Notice"), and **GOOD CAUSE** appearing, **IT IS ORDERED** that the Motion is **GRANTED**, subject to the following findings and orders:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court grants preliminary approval of the Settlement Agreement attached as "EXHIBIT A" to the Declaration of Brian J. St. John in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. This is based on the Court's determination that the Settlement falls within the range of possible approval as fair, adequate, and reasonable.

3. It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable. It appears to the Court that extensive and costly investigation and research have been conducted such that counsel for the parties, at this time, are able to reasonably evaluate their respective positions. It further appears to the Court that the Settlement, at this time, will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the case. It further appears that the Settlement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations, and was entered into in good faith.

4. The Court preliminarily finds that the Settlement, which provides for a Gross Settlement Amount of One Million Eight Hundred Fifty Thousand Dollars ($1,850,000),

appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Gross Settlement Amount includes all Individual Settlement Payments, Individual PAGA Payments, Administration Costs, Attorneys' Fees, Litigation Expenses, Enhancement Payments, and the PAGA Settlement Amount. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the contemplated monetary settlement payments to Class Members and PAGA Group Members are fair, adequate, and reasonable when balanced against the probable outcome of further litigation relating to certification, manageability, liability, and damages issues.

5. For settlement purposes only, the Court hereby conditionally certifies the following Class:

> All current and former California non-exempt hourly employees of Defendants who worked at any time during the period from April 12, 2017 through Preliminary Approval.

6. The Court concludes that, for settlement purposes only, the proposed Class meets the requirements for certification under section 23 of the Federal Rules of Civil Procedure in that: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the members of the Class with respect to the subject matter of the litigation; (c) Plaintiffs' claims are typical of the claims of the members of the Class; (d) Plaintiffs will fairly and adequately protect the interests of the members of the Class; (e) a class action is superior to other available methods for the efficient adjudication of the controversy; and (f) Class Counsel is qualified to act as counsel for Plaintiffs in his individual capacity and as the representative of the Class.

7. The Court finds that Plaintiffs Esmeralda Lizbeth Mendez Lozano, Lilian Cabrera, Ana Rosa Mendoza, Alicia Fernandez, Dulce Nieto, Rosa Hernandez, and Nathaniel Williams are suitable representatives for the Class and hereby preliminarily appoints them as representatives for the Class conditionally certified by this Order.

8. The Court hereby appoints Lawyers *for* Justice, PC and Blumenthal Nordrehaug

1  Bhowmik De Blouw LLP ("Class Counsel") as counsel for the Class, pursuant to Federal Rules
2  of Civil Procedure 23(g).  The Court finds that Class Counsel has demonstrable experience
3  litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class
4  conditionally certified by this Order.  Class Counsel is authorized to act on behalf of Class
5  Members with respect to all acts or consents required by, or which may be given pursuant to,
6  the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any
7  Class Member may enter an appearance through counsel of such individual's own choosing and
8  at such individual's own expense.  Any Class Member who does not enter an appearance or
9  appear on his or her own will be represented by Class Counsel.

10       9.  The Court hereby appoints Apex Class Action Administration as the Settlement
11  Administrator to administer the Settlement pursuant to the terms of the Settlement Agreement.

12       10.  Pursuant to California Labor Code section 2699(l), the Court has reviewed and
13  hereby approves the sum of One Hundred Thousand Dollars ($100,000) of the Gross Settlement
14  Amount to be allocated to civil penalties for resolution of the claim pursuant to the Private
15  Attorneys General Act ("PAGA Settlement Amount").  The Court approves payment of seventy-
16  five percent (75%) of the PAGA Settlement Amount, or Seventy-Five Thousand Dollars
17  ($75,000), to the Labor and Workforce Development Agency and payment of twenty-five
18  percent (25%) of the PAGA Settlement Amount, or Twenty-Five Thousand Dollars ($125,000)
19  to Class Members who were employed by Defendants in California as hourly non-exempt
20  employees during the PAGA Period ("PAGA Group Members").

21       11.  The Court hereby approves, as to form and content, the Notice to Class Members
22  Re: Pendency of a Class Action and Notice of Hearing on Proposed Settlement attached hereto as
23  "**EXHIBIT 1**" for distribution to the Class Members.  The Class Notice shall be provided to
24  Class Members in the manner set forth in the Settlement Agreement.

25       12.  The Court finds that the proposed plan for distribution of the Class Notice
26  substantially in the manner and form as set forth in the Settlement Agreement and this Order
27  meets the requirements of Federal Rule of Civil Procedure 23(e) and due process, is the best
28  notice practicable under the circumstances, and shall constitute due and sufficient notice to all

1  persons entitled thereto. The Court further finds that the Class Notice appears to fully and
2  accurately inform the Class Members of all material elements of the Settlement, of Class
3  Members' right to be excluded from the Class Settlement by submitting an opt out request, of
4  Class Members' right to dispute the number of Individual Workweeks credited to each of them,
5  and of each Settlement Class Member's right and opportunity to object to the Class Settlement
6  by sending a written objection to the Settlement Administrator or appear at the Final Approval
7  Hearing.

8      13.    Within fifteen (15) business days from the date of this Order, Defendants shall
9  provide the Settlement Administrator with the Class Database, as outlined in the Settlement
10 Agreement. Within thirty (30) business days from the date of this Order, the Settlement
11 Administrator shall send the Class Notice to each Class Member via First-Class U.S. Mail to his
12 or her most current, known address.

13     14.    Prior to the initial mailing, the Settlement Administrator shall perform a search
14 using the National Change of Address Database and update the Class Database with any known
15 or identifiable address changes.

16     15.    The Court preliminarily approves the proposed procedure for requesting exclusion
17 from the Class Settlement. A Class Member who wishes to request exclusion from or opt out
18 of the Class Settlement must do so by submitting a written letter ("Request for Exclusion") to
19 the Settlement Administrator, by mail, postmarked on or before the date that is forty-five (45)
20 calendar days from the initial mailing of the Class Notice ("Response Deadline"). The Request
21 for Exclusion must: (a) contain the Class Member's name, address, telephone number, and last
22 four numbers of their social security number or employee identification number; (b) contain a
23 clear written statement indicating that the Class Member seeks exclusion from the Class
24 Settlement; (c) be signed by the Class Member or his or her lawful representative; and (d) be
25 submitted by mail to the Settlement Administrator at the specified address, postmarked on or
26 before the Response Deadline. If the Court grants final approval of the Settlement, any such
27 Class Member who chooses to be excluded from the Settlement Class will not be entitled to
28 receive an Individual Settlement Payment and will not be bound by the Settlement, release the

Released Class Claims or have any right to object, appeal, or comment thereon; however, all PAGA Group Members will be issued an Individual PAGA Payment and will be bound by the release of the Released PAGA Claims, regardless of whether they submit a Request for Exclusion.

16. The Court preliminarily approves the proposed procedure for objecting to the Class Settlement. Only Settlement Class Members (i.e., Class Members who do not submit a timely and valid Request for Exclusion) may object to the Class Settlement by submitting a written objection ("Objection") to the Settlement Administrator on or before the Response Deadline. An Objection must: (a) contain the case name and number of the Action; (b) contain the Class Member's full name, address, and telephone number, (c) contain the words "Notice of Objection" or "Formal Objection"; (d) describe, in clear and concise terms, the legal and factual arguments supporting the objection; (e) list identifying witness(es) the objector may call to testify at the Final Approval Hearing; (f) provide true and correct copies of any exhibit(s) the objector intends to offer at the Final Approval Hearing; (g) state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (h) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline.

17. The Final Approval Hearing shall be held before this Court on **May 1, 2025**, at 2:00 p.m. in Courtroom 2, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and a Class Representative enhancement award. A motion for final approval of the settlement and a motion for attorney's fees must be filed not later than thirty-five (35) days prior to the hearing date pursuant to Local Rule 230(b). Briefs regarding the settlement shall be served and filed in accordance with Local Rules.

18. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those contemplated herein and in the Settlement Agreement and pertaining to the administration of the Settlement.

19. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement Agreement without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED.

Date: October 8, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA
*Ramirez, et al. v. Cornerstone Building Brands, et al.*
Case No. 2:21-cv-01017-MCE-JDP

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION
AND NOTICE OF HEARING ON PROPOSED SETTLEMENT**

**YOU MAY BE ENTITLED TO MONEY UNDER THE PROPOSED CLASS ACTION SETTLEMENT. PLEASE READ THIS NOTICE CAREFULLY; IT INFORMS YOU OF YOUR LEGAL RIGHTS.**

*A court authorized this notice. This is not a solicitation.
This is not a lawsuit against you and you are not being sued.
However, your legal rights are affected by whether you act or don't act.*

**TO:** All current and former non-exempt hourly employees of Defendants Cornerstone Building Brands, Inc., Ply Gem Pacific Windows Corporation, or Simonton Windows & Doors, Inc. in California from April 12, 2017, through [end of class period] ("Class Members").

The United States District Court for the Eastern District of California ("Court") has granted preliminary approval to a proposed settlement ("Settlement") of the above-captioned action ("Class Action"). Because your rights may be affected by this Settlement, it is important that you read this Notice to Class Members re: Pendency of a Class Action and Notice of Hearing on Proposed Settlement ("Notice") carefully. Most importantly, this Notice will advise you of how you can obtain your money under the Settlement or how you can decide to not take part in the Settlement and preserve your rights against Defendants Cornerstone Building Brands, Inc., Ply Gem Pacific Windows Corporation, or Simonton Windows & Doors, Inc. ("Defendants").

The Settlement resolves this Class Action in which Plaintiffs Esmeralda Lizbeth Mendez Lozano, Lilian Cabrera, Ana Rosa Mendoza, Dulce Nieto, Alicia Fernandez, Rosa Hernandez, and Nathaniel Williams ("Plaintiffs") allege that Defendants violated California law by failing to pay Class Members all overtime and minimum wages due; failing to provide meal and rest periods; failing to provide compliant wage statements and to maintain payroll records; failing to timely pay wages due at termination and during employment; failing to reimburse for all necessary business expenses; failing to pay wages by an instrument payable on demand; claims for civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"); and claims for unfair and unlawful business practices. **Your estimated Individual Settlement Payment is: $<<___>>. See Section 10A below.**

The Court has not made any ruling that Defendants violated the law, and Defendants dispute all claims made in the Class Action. The purpose of this Notice is to inform you of the pending Settlement and your rights and options under the Settlement.

**WHAT INFORMATION IS IN THIS NOTICE:**

1. Why Have I Received This Notice?........................................................................................... Page 2
2. What Is This Case About? ......................................................................................................... Page 2
3. Am I a Class Member? .............................................................................................................. Page 2
4. Where Can I Get Additional Information About the Lawsuit and the Proposed Settlement?.... Page 2
5. What Are My Options?...............................................................................................................Page 3
6. How Do I Opt Out or Exclude Myself From This Settlement? .................................................Page 4
7. How Do I Object to the Settlement? ..........................................................................................Page 4
8. How Do I Change my Address? ................................................................................................Page 4
9. How Does This Settlement Affect My Rights? .........................................................................Page 5
10. What are the Terms of the Settlement and How Much Can I Expect to Receive? ...................Page 6

| 1. | *Why Have I Received This Notice?* |
|---|---|

Defendants' records indicate that you may be a Class Member. The Settlement will resolve all Class Members' Released Claims, as described below, from April 12, 2017 through [end of class period] (the "Class Period"). This Notice is meant to provide you with basic information about the case and to advise you of your options to participate in the Settlement, exclude yourself from the Settlement, or object to the Settlement.

A Preliminary Approval Hearing was held on [date of preliminary approval hearing], in the United States District Court for the Eastern District of California. The Court conditionally certified the Class for settlement purposes only and directed that you receive this Notice. The Court will hold a Final Approval Hearing concerning the proposed settlement on **[date of final approval hearing] at [time]** in Courtroom 7, 14th Floor before Judge Morrison C. England, Jr., located at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814.

| 2. | *What Is This Case About?* |
|---|---|

Plaintiffs commenced his action on April 12, 2021, in the Superior Court for the State of California, County of Sacramento. On June 8, 2021, Defendants removed the case to the Eastern District of California. Between them, Plaintiffs filed three additional, separate lawsuits based on the same, or very similar, allegations. All four of these matters have now been consolidated for the purposes of settlement into a single matter entitled *Ramirez, et al. v. Cornerstone Building Brands, et al.*, Case No. 2:21-cv-01017-MCE-JDP, which is currently pending in the United States District Court for the Eastern District of California.

This Settlement resolves claims that Defendants failed to pay Class Members all overtime and minimum wages due; failed to provide meal and rest periods; failed to provide compliant wage statements and to maintain payroll records; failed to timely pay wages due at termination and during employment; failed to reimburse for all necessary business expenses; failed to pay wages by an instrument payable on demand; claims for civil penalties pursuant to PAGA; and claims for unfair and unlawful business practices.

The Court has not determined whether any laws have been violated, nor has it decided in favor of Plaintiffs or Defendants; instead, both sides agreed to resolve the lawsuit with no decision or admission of who is right or wrong. By agreeing to resolve the lawsuit, all parties avoid the risks and cost of a trial.

| 3. | *Am I A Class Member?* |
|---|---|

You are a Class Member if you worked for one of the Defendants in California as a non-exempt hourly employee at any time between April 12, 2017, through [end of class period]. **Based upon Defendants' records, you are a Class Member and you may participate in this Settlement.**

| 4. | *Where Can I Get Additional Information About the Lawsuit and the Proposed Settlement?* |
|---|---|

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. There are multiple ways to get more information about this lawsuit and the proposed Settlement:

1. **Settlement Administrator**

Class Members who have questions about this Notice, the Settlement, or related issues can contact the Settlement Administrator:

[TBD]
Re:  Ramirez Class Action Settlement
[Settlement Administrator Address]
Telephone: [phone number]

2. **Class Counsel**

The Court has decided that Lawyers for Justice, PC and Blumenthal Nordrehaug Bhowmik De Blouw LLP is qualified to represent you and all other Class Members simultaneously. You may also direct any questions you have about this lawsuit or the proposed Settlement to Class Counsel:

| LAWYERS FOR JUSTICE, PC | BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP |
|---|---|
| Edwin Aiwazian | Norman Blumenthal |
| Joanna Ghosh | Kyle Nordrehaug |
| Brian J. St. John | 2255 Calle Clara |
| 410 West Arden Avenue, Suite 203 | La Jolla, CA 92037-3107 |
| Glendale, CA 91203 | Telephone: (858) 952-0354 |
| Telephone: (888) 265-1020 | Email: Kyle@bamlawca.com |
| Email: joanna@calljustice.com | |
| brian@calljustice.com | |

You do not need to hire your own attorney because Class Counsel is working on your behalf.  But, if you want your own attorney, you may hire one at your own cost.

**PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT PROCESS.**

| 5. | **What Are My Options?** |
|---|---|

The purpose of this Notice is to inform you of the proposed Settlement and of your options. Each option has its consequences, which you should understand before making your decision. Your rights regarding each option, and the steps you must take to select each option, are summarized below and explained in more detail in this Notice.

*Important Note*: ***Defendants will not retaliate against you for participating or not participating in this Settlement.***

- **DO NOTHING:**  If you do nothing and the Court grants final approval of the Settlement, you will remain part of this lawsuit and will receive a payment from the Settlement. You will be bound to the release of the Released Claims as defined in the Settlement Agreement and the Final Judgment. You will also give up your right to pursue the Released Claims as defined below.

- **OPT OUT:**  If you do not want to participate as a Class Member, you may "opt out," which will remove you from the Class. If the Court grants final approval of the Settlement, you will

not receive a payment and you will not give up the right to sue Defendant and the Released Parties for the Released Claims as defined below. Do not opt out if you wish to receive benefits pursuant to this Settlement.

- **OBJECT:** You may file a legal objection to the proposed Settlement. If you would like to object, you may not opt out of this case.

The procedures for opting out and objecting are set forth below in the following sections.

### 6. How Do I Opt Out Or Exclude Myself From This Settlement?

If you do not want to take part in the Settlement, you must mail a written Request for Exclusion to the Settlement Administrator. The written request for exclusion must: (a) state your name, address, telephone number, and last four numbers of your social security number or employee identification number; (b) state your intention to exclude yourself from or opt out of the Settlement (e.g., "I want to exclude myself from this settlement. I also understand that I retain all rights to sue Defendants for the claims asserted in the lawsuit."); (c) be addressed to the Settlement Administrator at [address]; (d) be signed by you or your lawful representative; and (e) be postmarked no later than [the Response Deadline].

The Judgment entered, following approval of the Settlement by the Court, will bind all Class Members who do not request exclusion from the Settlement.

If you are a PAGA Member who submits a timely and valid Request for Exclusion, you will still be bound by the PAGA release contained in this Agreement and will still receive your Individual PAGA Payment.

### 7. How Do I Object To The Settlement?

If you are a Class Member who does not opt out of the Settlement, you may object to the Settlement, personally or through an attorney, by submitting your objection in writing, signed, dated, and mailed to the Settlement Administrator postmarked no later than [the Response Deadline]. The objection must state: (a) your full name, address, and telephone number; (b) the words "Notice of Objection" or "Formal Objection;" (c) describe, in clear and concise terms, the legal and factual arguments supporting the objection; (d) list identifying witness(es) the objector may call to testify at the Final Approval hearing; and (e) provide true and correct copies of any exhibit(s) the objector intends to offer at the Final Approval hearing. The objection will not be valid if it objects only to the appropriateness of the Class Action or its merits.

Class Members who object may appear at the Final Approval Hearing, either in person or through the objector's own counsel. If the Court rejects the objection, the Class Member will receive a payment if appropriate under the Settlement and will be bound by the terms of the Settlement.

### 8. How Do I Change My Address?

If you wish to change your address or make any corrections to your name or address, please contact the Settlement Administrator at [phone number] or [address].

### 9.      How Does This Settlement Affect My Rights? What are the Released Claims?

If the proposed settlement is approved by the Court, a Judgment will be entered by the Court. All Class Members who do not opt out of the Settlement will be bound by the Court's Judgment and will release Defendants and the Defendant Releasees[1] from the Released Claims. The Released Claims are as follows:

**Released Claims**: Class Members who do not opt out of the settlement will release all claims, including without limitations "Unknown Claims," demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, against the Defendant Releasees, or any of them based on the facts alleged in the operative Complaints in each pending matter filed by Plaintiffs, that accrued during the Class Period for alleged or actual: (i) unpaid overtime; (ii) unpaid meal period premiums and failure to provide meal periods; (iii) unpaid rest period premiums and failure to provide rest periods; (iv) unpaid minimum wages; (v) final wages not timely paid; (vi) wages not timely paid during employment; (vii) non-compliant wage statements; (viii) failure to keep requisite payroll records; (ix) unreimbursed business expenses; (x) failure to issue wages by instrument payable on demand; (xi) violation of California Business and Professions Code § 17200 et seq.; and (xii) claims for civil penalties pursuant to PAGA for the alleged underlying violations, and, specifically, for alleged violations of Labor Code sections 201, 202, 203, 204 et seq., 210, 212, 221, 226(a), 226.7, 227.3, 246, 351, 510, 512, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800, 2802, and California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B).  Released Claims include (1) claims for damages, penalties or any other remedies under any statute or regulation or other provision of law, based on the facts alleged in the Complaint, including without limitation claims under California Labor Code sections 201, 202, 203, 204 et seq., 210, 212, 221, 226, 226.3, 226.7, 227.3, 246, 351, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1197, 1197.1, 1198, 2802, California Labor Code section 2698 *et seq.* based on the preceding sections, California Business and Professions Code section 17200 *et seq.* based on the preceding sections, the applicable California Industrial Welfare Commission Wage Order based on the facts alleged in the Complaints; (2) claims, based on the facts alleged in the Complaint, for injunctive relief, restitution, disgorgement, accounting, declaratory relief or other equitable relief; (3) any and all claims, based on the facts alleged in the Complaint, for interest, costs, or attorney fees, including without limitation claims under California Labor Code sections 218.5, 1194 & 2698 *et seq*. and California Code of Civil Procedure section 1021.5; (4) and, to the extent not covered above, any and all claims arising from the facts alleged in the Complaints in the Litigation.

The Released Claims include any Unknown Claims which Plaintiffs or any Settlement Class Member[2] does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Defendant Releasees or might have affected his or her decision not to object to this Settlement. With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date (i.e., the date on which the judgment in this matter becomes final), Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by

---

[1] Defendant Releasees" mean Defendants Cornerstone Building Brands, Inc., Ply Gem Pacific Windows Corporation, and Simonton Windows & Doors, Inc. and all of their employees, agents, and affiliates, including without limitation parents and subsidiaries, predecessors, successors, divisions, investors, joint ventures and assigns, any benefit plan maintained by any of them and the trustees, fiduciaries, and administrators of any such plan, and each and all of these entities' past or present directors, officers, employees, agents, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, and personal or legal representatives.

[2] Settlement Class Members are Class Members who have not requested exclusion from the Settlement.

operation of the Judgment shall have, waived the provisions, rights and benefits of California Civil Code section 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

 For the sake of clarity, the parties agree that the "Unknown Claims" include <u>only</u> those claims that meet the definition of Released Claims and do not include claims that do not meet the definition of Released Claims.  As such, for example, "Unknown Claims" do not include claims for any relief for wrongful termination, unlawful harassment, Workers' Compensation, or other claims that do <u>not</u> arise from the facts alleged in the Complaint.

### 10. *What are the Terms of the Settlement and How Much Can I Expect to Receive?*

Under this Agreement, Defendant will pay $1,850,000 (the "Gross Settlement Amount").

The "Net Settlement Amount" or "NSA" means the portion of the Gross Settlement Amount available for distribution to Class Members after the deduction of  (1) payment to Plaintiffs in an amount up to $10,000 each for prosecution of the Class Action and the risks undertaken; (2) the Settlement Administration Costs to the Settlement Administrator in an amount estimated not to exceed $20,000; (3) payment to Class Counsel in an amount not to exceed $647,500 (35% of the Gross Settlement Amount) for attorneys' fees and an amount not to exceed $50,000 for litigation expenses; and (4) a payment of $100,000 allotted to settle PAGA penalties, which includes a $75,000 payment to the California Labor and Workforce Development Agency for its share of PAGA penalties). All of these payments are subject to court approval. Defendants' portion of payroll taxes will be paid by Defendants separate and apart from the Gross Settlement Amount.

#### A. How Is My Settlement Payment Calculated?

After deducting the above-referenced amounts, the remaining NSA will be proportionately distributed amongst all Settlement Class Members. Each Settlement Class Member's Individual Settlement Payment (i.e., the gross, total amount due to an individual Settlement Class Member) will be determined by multiplying the quotient of the Settlement Class Members' Individual Workweeks (i.e., the total number of workweeks during which each Settlement Class Member worked during the Class Period) divided by the Class Workweeks (i.e., the total number of workweeks that all Settlement Class Members collectively worked during the Class Period) by the Net Settlement Amount.  Therefore, the value of each Settlement Class Member's Individual Settlement Payment ties directly to the number of weeks that the Settlement Class Member worked for any of the Defendants in California.

Although your exact payment cannot be precisely calculated until after the time during which individuals may object or seek exclusion from the Settlement concludes, based upon the calculation above, your approximate

Individual Settlement Payment is as follows: $_____, minus taxes. This is based on the class data which shows you were employed by a Defendants in an eligible position for _____ weeks during the Class Period.

### B. What Do I Do If The Number Of Weeks I Worked Is Wrong?

If you disagree with the number of weeks you worked in an eligible position during the Class Period as stated in this Notice, you must notify the Settlement Administrator at [address] and provide a statement of the number of total weeks you worked while employed with a Defendant in an eligible position during the Class Period, supported by written documentation. You must postmark this information by [Response Deadline] and it must be received by the Settlement Administrator within three business days of the deadline.

The Settlement Administrator will investigate the challenge, request information from Defendants as necessary and make the final determination of whether any additional amount is owed to you. Defendants' records regarding the number of weeks you worked in an eligible position will be presumed to be correct and your challenge will be denied if you do not provide written proof of the number of weeks you worked.

### C. How Will My Settlement Payment Be Taxed?

Your settlement payment will be apportioned as one-third (⅓) wages and two-thirds (⅔) as non-wages (penalties and interest). The amounts paid as wages shall be subject to all tax withholdings customarily made from an employee's wages and all other authorized and required withholdings and shall be reported on IRS W-2 forms. Each Settlement Class Member is solely responsible for determining the tax consequences of payments made pursuant to this Settlement and for paying taxes, if any, which are determined to be owed by such Settlement Class Member on such payments (including penalties and interest related thereto) by any taxing authority, whether state, local, or federal. The amounts paid as penalties and interest shall be subject to all authorized and required withholdings (other than the tax withholdings customarily made from employees' wages) and shall be reported on IRS 1099 forms.

Defendants' payroll tax obligations will be paid separately by Defendants.

### D. What Will Happen To My Settlement Payment If I Do Not Cash My Check?

It is strongly recommended that upon receipt of your payment, you immediately cash it or cash it before the 180-day void date shown on each check. If any checks remain uncashed or not deposited by the expiration of the 180-day void date, the Settlement Administrator will tender the check to [TBD *cy pres* recipient].