**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESMERALDA LIZBETH MENDEZ LOZANO, LILIAN CABRERA, ANA ROSA MENDOZA, ALICIA FERNANDEZ, DULCE NIETO, ROSA HERNANDEZ, NATHANIEL WILLIAMS individually, and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CORNERSTONE BUILDING BRANDS, INC.; PLY GEM PACIFIC WINDOWS CORPORATION; SIMONTON WINDOWS & DOORS INC.; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-01017-TLN-JDP <br><br><br> **FINAL APPROVAL ORDER AND JUDGMENT** |

This matter is before the Court on Plaintiffs Esmeralda Lizbeth Mendez Lozano, Lilian Cabrera, Ana Rosa Mendoza, Alicia Fernandez, Dulce Nieto, Rosa Hernandez, and Nathaniel Williams (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement ("Motion for Final Approval").

On October 8, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Docket No. 64) ("Preliminary Approval Order"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation Re Settlement of Class Action ("Agreement" or "Settlement Agreement") entered into by and between Plaintiffs and Defendants Cornerstone Building Brands, Inc., Ply Gem Pacific Windows Corporation, and Simonton Windows & Doors, Inc. (collectively, "Defendants"), which, together with the exhibits annexed thereto set forth the terms and conditions for settlement of the Action ("Settlement").

Having reviewed the Settlement Agreement and duly considered the parties' papers and oral argument, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3. With respect to the Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiffs are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiffs, Lawyers *for* Justice, PC and Blumenthal Nordrehaug Bhowmik De Blouw LLP, are qualified to serve as counsel for the Class. The Class is hereby defined to include:

All current and former California non-exempt hourly employees of Defendants who worked at any time during the period from April 12, 2017 through January 11, 2023.

4. The Court confirms Lawyers *for* Justice, PC and Blumenthal Nordrehaug Bhowmik De Blouw LLP as counsel for the Class ("Class Counsel"), and Plaintiffs Esmeralda Lizbeth Mendez Lozano, Lilian Cabrera, Ana Rosa Mendoza, Alicia Fernandez, Dulce Nieto, Rosa Hernandez, and Nathaniel Williams as representatives of the Class ("Class Representatives").

5. The Notice to Class Members Re: Pendency of a Class Action and Notice of Hearing on Proposed Settlement ("Class Notice") that was provided to the Class Members, fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

6. The Court hereby grants final approval to the Settlement and finds that it is reasonable and adequate, and in the best interests of the Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiffs' claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to and requests for exclusion from the Settlement submitted by Class Members.

Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. All Class Members and other persons wishing to be heard have been heard. The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the Settlement. Accordingly, the Court determines that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Settlement Class Members") are bound by this Final Approval Order and Judgment.

8. The Court finds that payment of Administration Costs in the amount of $20,000.00 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby ordered that the Settlement Administrator, Apex Class Action, LLC, shall issue payment to itself in the amount of $20,000.00, in accordance with the Settlement Agreement.

9. The Court finds that the allocations of $100,000.00 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Settlement Amount"), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Settlement Amount as follows: the amount of $75,000.00 to the California Labor and Workforce Development Agency, and the amount of $25,000.00 to be distributed to Class Members who were employed by Defendants in California as hourly non-exempt employees during the period from April 5, 2020 through October 8, 2024 ("PAGA Group Members") on a *pro rata* basis based on their Workweeks during the period from April 5, 2020 through January 11, 2023, according to the terms set forth in the Settlement Agreement.

10. The Court hereby enters Judgment by which, upon the Effective Date and Defendants' full funding of the Gross Settlement Amount, Settlement Class Members shall be

1  conclusively determined to have given a release of any and all Released Class Claims against
2  the Released Parties, as set forth in the Settlement Agreement and Class Notice.

3      11.    The Court hereby enters Judgment by which, upon the Effective Date and
4  Defendants' full funding of the Gross Settlement Amount, PAGA Group Members shall be
5  conclusively determined to have given a release of any and all Released PAGA Claims against
6  the Released Parties, as set forth in the Settlement Agreement and Class Notice.

7      12.    It is hereby ordered that Defendant shall fund the Gross Settlement Amount
8  pursuant to the Settlement Administrator's wire instructions within fifteen (15) business days
9  following the Effective Date, in accordance with the Settlement Agreement.

10      13.    It is hereby ordered that the Settlement Administrator shall distribute Individual
11  Settlement Payments to Settlement Class Members and Individual PAGA Payments to PAGA
12  Group Members within thirty (30) business days after the Effective Date, according to the
13  methodology and terms set forth in the Settlement Agreement.

14      14.    It is hereby ordered that any and all Individual Settlement Payment checks issued
15  to Class Members that are not cashed, deposited, or otherwise negotiated within one hundred
16  eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated
17  with such cancelled checks will be transmitted to the *cy pres*, Legal Aid at Work, a non-profit
18  organization, according to the methodology and terms set forth in the Settlement Agreement.

19      15.    After entry of this Final Approval Order and Judgment, the Court shall retain
20  jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this
21  Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for
22  settlement benefits, and to supervise and adjudicate any dispute arising from or in connection
23  with the distribution of settlement benefits.

25  ///
26  ///
27  ///

16. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website, which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATED: May 2, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE